UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LESLIE LISNITZER, individually and on behalf of
all others similarly situated,

                             Plaintiff,

                                                                    **REPORT AND**
                                                                    **RECOMMENDATION**
              -against-                                             11-CV-4641 (JMA) (ARL)

NIRAV R. SHAH, M.D. as Commissioner of the New
York State Department of Health, and ELIZABETH R.
BERLIN, as Executive Deputy Commissioner of the
Office of Temporary and Disability Assistance of
the New York State Department of Family Assistance,

                             Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Plaintiff Leslie Lisnitzer ("Plaintiff") brought this putative class action against

defendants Nirav R. Shah, M.D., Commissioner of the New York State Department of Health,

and Elizabeth R. Berlin, Executive Deputy Commissioner of the Office of Temporary and

Disability Assistance of the New York State Department of Family Assistance ("Defendants"),

who are charged with administering the Medicaid program.   The complaint alleged that

Defendants engaged in a policy and practice of terminating administrative appeals pertaining to

the denial or adequacy of Medicaid benefits by remanding them to the local social service

agencies from which the appeal was requested rather than developing a complete fair hearing

record upon which to reach a conclusive administrative decision.   Plaintiff alleged that, as a

result, Medicaid appellants were forced to resort to multiple administrative appeals over the

same Medicaid eligibility or coverage issue if the local agency adheres to its original decision

after remand, which is time-consuming, exhausting and discouraging for low-income families.

The complaint sought a declaration that Medicaid "remands resulting from an incomplete fair

hearing record do not constitute definitive and final administrative action sufficient to terminate an administrative appeal, and an injunction prohibiting defendants from terminating Medicaid appeals unless and until the presiding hearing officer develops a complete fair hearing sufficient to render a decision addressing the merits of the appeal and directing final and definitive remediation."   Compl. ¶ 7 (citation and internal quotation marks omitted).   A trial was held on March 20, 2017, and on January 26, 2018, the Court issued its Findings of Fact and Conclusions of Law (1) finding that the action was not moot and that Defendants' policy and practice violated Plaintiff's right to a timely fair hearing decision; (2) granted Plaintiff's motion for class certification; and (3) denied Plaintiff's renewed motions to intervene. ECF No. 96. On February 22, 2018, the parties were directed to meet and confer and submit to the Court a draft judgment. ECF No. 98. The case was transferred to Judge Joseph A. Bianco on April 5, 2018.   Following input from Plaintiff and Defendants, Judge Bianco entered a judgment on February 1, 2019. ECF No. 129.   Defendants appealed the judgment to the Second Circuit.   Entry of the judgment was stayed pending the appeal.   ECF No. 145.   On February 16, 2021, the judgment was affirmed by the Second Circuit.   ECF No. 160.

Currently before the Court is Plaintiff's motion for attorneys' fees, ECF No. 180, which was referred to the undersigned by Judge Azrack on April 29, 2022.   Defendants oppose the request for attorney' fees, arguing that Plaintiff is not entitled to full reimbursement of his attorneys' fees because what Plaintiff achieved in this litigation was far less, qualitatively and quantitatively, than what he sought, that the hourly rate of certain attorneys should be reduced and the hours charged should be reduced because of overstaffing and duplication of work. Memorandum in Opposition by Defendants Howard Zucker and Michael Hein ("Def. Mem."),

2

ECF No. 187.   For the reasons set forth below, the undersigned respectfully recommends that Plaintiffs be awarded attorneys' fees in the amount of $1,121,666.96, and costs in the amount of $6,072.12.

## DISCUSSION

### I.      Standard

In considering a motion for attorney's fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 U.S. Dist. LEXIS 9020, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017).   Although the "American Rule" generally requires each party to bear its own attorneys' fees, courts may award attorneys' fees where there is explicit statutory authority to do so.   *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 602-03, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994).   42 U.S.C. § 1988(b) is such a statute.   It provides that:

> In any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorneys' fee as part of the costs.

42 U.S.C. § 1988(b).   Defendants do not dispute that Plaintiff is, at least in part, a prevailing party whose reasonable attorneys' fees and costs are compensable.   Defendants do argue, however, that Plaintiff is not entitled to full reimbursement of his attorneys' fees because the result Plaintiff achieved in this litigation was far less, qualitatively and quantitatively, than what he sought and therefore the lodestar mount should be reduced by 25 percent.   Additionally, Defendants argue that the hourly rate of certain attorneys should be reduced and the hours

charged should be reduced because of overstaffing and duplication of work.

Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).   In *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case.   *Arbor Hill*, 522 F.3d at 184, 190-91.   These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).   The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

4

(7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases.   488 F.2d at 717-19.[1]   The Supreme Court has repeatedly stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"   *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk*, No. 01-CV-6716 (JS)(ARL), 2012 U.S. Dist. LEXIS 127143, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise "billing judgment"' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.") (quoting *Hensley*, 461 U.S. at 437).   "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'"   *Id.* (citations omitted); *see also Toussie*, 2012 WL 3860760, at *5 ("Counsel for the party seeking fees must

---

[1] Although the *Perdue* decision cast doubt on the usefulness of the *Johnson* factors as a methodology for determining attorneys' fees, 130 S. Ct. at 1672, reference to the *Johnson* factors is still useful in calculating a presumptively reasonable fee in this Circuit.   *See Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. Apr. 29, 2015).

'make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary,' and failure to do so can result in denial of fees altogether." *Id.* (quoting *Hensley*, 461 U.S. at 437).

## II.    Analysis

### A.  Degree of Success

The Supreme Court and the Second Circuit have made clear that a court has discretion to reduce a fee award to account for limited success.   *See Farrar v. Hobby,* 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)   ("'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained'") (quoting *Hensley*, 461 U.S. at 436); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in [his] complaint, are key factors in determining the degree of success achieved." (*citing Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)).[2]   Courts have declined to reduce attorneys' fees where a plaintiff's successful and unsuccessful claims are inextricably intertwined. *See, e.g., Wilson v. Nomura Sec. Int'l, Inc.,* 361 F.3d 86, 90-91 (2d Cir. 2004) ("[W]hen a plaintiff fails to prove one of two overlapping claims — e.g. a discriminat[ion claim] — but prevails on the other — e.g. retaliation for complaining of discrimination — the plaintiff may recover fees for all the legal work.").   Here, Defendants contend that the lodestar amount should be reduced to reflect the limited degree of success that Plaintiff achieved. Specifically, it is their

---

[2] "While a district court exercises broad discretion in setting the amount of a fee award, it is 'important . . . for the district court to provide a concise but clear explanation of its reasons,' especially with regard to the grant or denial of an adjustment to lodestar based on degree of success." *Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2005) (citing *Hensley*, 461 U.S. at 437).

6

position that "[t]hroughout the action, Plaintiff's goal was to force a complete reconfiguration of the fair hearing process so that determinations of Medicaid eligibility in concrete terms were made at the fair hearing level, rather than at the local agency level despite the fact that those agencies are best equipped to review the type of documentation needed for such a determination" Def. Mem at 6.   Rather than achieving this goal, according to Defendants, "the only accomplishment of this litigation was New York State's commitment to prospectively reach final administrative action on Medicaid eligibility fair hearing requests within 90 ninety days of the date of such request." *Id*. at 7.   In response, Plaintiff argues that

> [f]rom December 22, 2020 forward, Medicaid appellants would henceforth be assured of a timely and final determination of eligibility for the requested medical benefit, not simply a boilerplate circular remand to the local agency for 'further review.' At its core, that is all this litigation was intended to accomplish, and it did so. How the final eligibility determination is rendered, whether by direct text in a fair hearing decision or subsequent determination of the local agency upon remand, is tangential to the central relief obtained, that is, entitlement to a final and definitive determination of Medicaid eligibility within 90 days of the fair hearing request.

Pl. Reply at 5.   The Court agrees with Plaintiff, i.e., by obtaining a judgment requiring a final determination within 90 days from the date of such request, Plaintiff has substantially succeeded on his claims, despite failing to achieve his ultimate goal of revamping the entire system. Indeed, Defendants appealed that judgment to the Second Circuit, presumably in an effort to avoid compliance.   Nevertheless, it was not a complete victory, and Plaintiff was unsuccessful in forcing a final decision to be made at the fair hearing level.

While a percentage reduction may be appropriate given the lack of a total victory, courts "should not mechanically apply [a] percentage reduction in damages, or the loss of certain issues on appeal, to a commensurate reduction in the attorneys' fees. The legal issues were interrelated, and the work necessary to defend all the claims and damages on appeal cannot be so easily

separated." *Sooroojballie v. Port Auth. of N.Y. & N.J.,* 1:15-cv-01230 (WFK)(PK), 2020 U.S. Dist. LEXIS 213950, 2020 WL 9934418, at *4 (E.D.N.Y. Nov. 10, 2020) (citing *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("So long as the plaintiff's unsuccessful claims are not 'wholly unrelated' to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount")).   Here, while Plaintiff did not obtain its ultimate goal of reconfiguring the Medicaid system, the legal issues were interrelated, and the work necessary to pursue his claims cannot be so easily separated.   Therefore, only a modest reduction in fees is appropriate.   *See, e.g., Sooroojballie,* 2020 U.S. Dist. LEXIS 213950, at *40; *Crews*, 2019 U.S. Dist. LEXIS 218129, 2019 WL 6894469, at *11 (finding, in a civil rights case, a further "across-the-board 10% reduction in the number of hours [ ] appropriate because of the additional legal work performed litigating the unsuccessful claims"); *Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171 (JMF), 2015 U.S. Dist. LEXIS 77181, 2015 WL 3739276, at *7 (S.D.N.Y. June 15, 2015) (holding that "a 25 percent reduction is appropriate" when, inter alia, the plaintiff did not prevail on all of the issues and "some of the billing entries reflect time spent on both compensable and non-compensable tasks").

Accordingly, the undersigned respectfully recommends that Plaintiff's requested fees be reduced by ten percent on the basis of Plaintiff's lack of success in obtaining an entire reconfiguration of the Medicaid system.

### B.    Reasonable Hourly Rates

Defendants also contend that given the lack of relative complexity in this case, the hourly rates sought by counsel should initially be modified downward from the requested $450 per hour for the attorneys and $100 for paralegal Eugene Doyle sought.   Def. Mem. at 11**.   "**Courts in

the Second Circuit follow the forum rule, which dictates that 'courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'"  *Bond v. Welpak Corp.*, No. 15-CV-2403, 2017 U.S. Dist. LEXIS 158272, 2017 WL 4325819, at *5 (E.D.N.Y. Sept. 26, 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)) (citations and internal quotation marks omitted). Under the forum rule, the Court is guided by the hourly rates normally employed by lawyers with comparable skill, experience and reputation in this district.  *See Mary Jo C. v. Dinapoli*, No. 09-CV-5635, 2014 U.S. Dist. LEXIS 175686, 2014 WL 7334863, at *4 (E.D.N.Y. Dec. 18, 2014); *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2013 U.S. Dist. LEXIS 56246, 2013 WL 1622949, at *2 (E.D.N.Y. Mar. 19, 2013), report and recommendation adopted, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013).

"Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates."  *PNC Equip. Fin., LLC v. Montauk Transp. Serv. Inc.,* No. 18-CV5883, 2019 U.S. Dist. LEXIS 216798, 2019 WL 8685091, at *4 (E.D.N.Y. Dec. 16, 2019), report and recommendation adopted, No. 18-CV-5883, 2020 U.S. Dist. LEXIS 80993, 2020 WL 2219197 (E.D.N.Y. May 7, 2020); *Castcapa Constr., LLC v. TMB Servs., L.L.C,* No. 17-CV-1023 (NGG) (SIB), 2018 U.S. Dist. LEXIS 14833, 2018 WL 623546 (E.D.N.Y. Jan. 30, 2018) (Junior associates are "typically compensated at between $100 to $200 per hour"); *Thomas v. City of New York*, No. 14 CV 7513, 2017 U.S. Dist. LEXIS 199235, 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District").

9

"Although rates as high as $450 per hour have been awarded to practitioners in civil rights and other areas, '[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field.'" *Rickettes v. Turton*, No. 12-CV-6427, 2015 U.S. Dist. LEXIS 81396, 2015 WL 3868070, at *11 (E.D.N.Y. June 23, 2015) (quoting *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012)). "For 'garden variety' Section 1983 cases of limited complexity, courts in the District have awarded partners hourly rates in the middle of the $300–$450 range." *Smith v. City of N.Y.*, No. 19-cv-6198 (KAM)(VMS), 2022 U.S. Dist. LEXIS 55924, 2022 WL 939711 (E.D.N.Y. Mar. 28, 2022) (citing *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 252–53 (E.D.N.Y. 2020) (reducing hourly rate from $450 per hour to $350 per hour to an attorney with twenty years of practice and about eleven years of civil rights litigation experience, in a Section 1983 case that lasted five and a half years with "complex" discovery and a "relatively straightforward" trial); *Sooroojballie,* 2020 U.S. Dist. LEXIS 213950 (recommending $450 per hour for partners in employment discrimination case); *Murray v. Marshall*, No. 15-cv-599(RPK), 2020 U.S. Dist. LEXIS 47219, 2020 WL 5899851, at *2–*3 (E.D.N.Y. Mar. 16, 2020) (recommending $350 per hour for an attorney with approximately twenty years of experience "in the area of police misconduct litigation . . . handling more than 250 cases," reasoning, inter alia, that the "case was not complicated," "did not involve novel issues of law," and "[w]hile acceptance of a Rule 68 offer . . . is a generally successful outcome for Plaintiff, it is not the kind of success that justifies a greater than normal hourly rate for counsel"), report and recommendation adopted as modified, 2020 WL 3819075 (E.D.N.Y. July 8, 2020).   Moreover, "as is clear from case law, in the

10

context of attorney's fees awards, one's title is not the dispositive inquiry; rather, it is one's experience, i.e., skill and expertise, that weighs in favor of awarding a requested hourly rate." *Rudler v. Houslanger & Assocs., PLLC,* No. 18-CV-7068, 2020 U.S. Dist. LEXIS 15923, 2020 WL 473619, at *5 (E.D.N.Y. Jan. 29, 2020) (citing *Jara v. P.N. Fin., Inc*., No. 10-CV-6274, 2014 U.S. Dist. LEXIS 127944, 2014 WL 4388515, at *6 (S.D.N.Y. Sept. 4, 2014) ("In determining reasonable hourly rates, a court should first examine the attorney's experience")).

Additionally, "[c]ourts in this District have also approved hourly rates for paralegals ranging from $70 per hour to $100 per hour, while the average rate is $75 per hour." *Antoine v. Brooklyn Maids 26, Inc*., 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020); *see also Ahn v. Sun Cleaners Inc.*, No. 19-CV-5919 (DLI) (PK), 2022 U.S. Dist. LEXIS 30269 (E.D.N.Y. Feb. 18, 2022) (reducing rate of paralegal to $70 per hour); *Rudler v. Houslanger & Assocs., PLLC,* No. 18-CV-7068 (SJF)(AYS), 2020 U.S. Dist. LEXIS 15923, 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020) (stating that courts in this district typically award fees ranging from "$70 to $100 for paralegals in fee-shifting cases"); *Datiz v. Int'l Recovery Assocs*., No. 15-CV-3549 (DRH) (AKT), 2020 U.S. Dist. LEXIS 45693, at *23 (E.D.N.Y. Mar. 12, 2020) ("rather than the $100 per hour fee for paralegal work, a reduced hourly rate of $85 per hour for the "administrative or paralegal" tasks performed by Attorneys Sanders and Barshay is reasonable").

While Defendants do not challenge the rate requested of $450 per hour on the basis of the experience of counsel,[3] the Court notes that Peter Vollmer was admitted to practice law in

---

[3] In a footnote, Defendants challenge the rate requested by Attorney Vollmer because he is a solo practitioner with low overhead.  Def. Mem. at 11, n2.  "Although solo practitioners rarely command the fees of partners in law firms, 'courts should not automatically reduce the reasonable hourly rate based solely on an attorney's status as a solo practitioner." " *Avedana v. Casa Ofelia's Bakery LLC*, No. CV 20-2214 (DG) (AKT), 2021 U.S. Dist. LEXIS 158226, at *43 (E.D.N.Y. Aug. 19, 2021) (internal quotation omitted); *see also Saldana v. New Start Grp., Inc.*, No. 14-CV-4049, 2016 U.S. Dist. LEXIS 87237, 2016 WL 3683530, at *3 (E.D.N.Y. July 6, 2016) ("Although the

November 1985 and during his 36 year legal career, he represented indigent appellants at 297 administrative fair hearings and commenced 190 lawsuits in state and federal court (including twenty-three class actions) on behalf of impoverished clients who suffered the reduction or termination of their public entitlements without due process of law.   Declaration in Support of Motion for Reasonable Attorney's Fees and Costs of Peter Vollmer ("Vollmer Dec.") at ¶¶ 69, 76. He has argued before the Second Circuit, New York Appellate Courts and New York Court of Appeals.  *Id*. at. ¶ 77.   Similarly, Donnalyn Darling was admitted to practice law in September 1979 and the focus of her career has been to serve as a trial attorney litigating a variety of legal issues ranging from personal injury actions in the civil context to the prosecution of child sexual abuse cases in the criminal context. Declaration in Support of Motion for Reasonable Attorney's Fees and Costs of Donnalyn Darling ("Darling Dec."), at ¶¶13, 15. From 1992 through 2019, she was the position of Chair of The Personal Injury Law Practice at Meyer, Suozzi, English, and Klein, P.C.  *Id*. at ¶ 18.   The experience and reputation of Attorneys Vollmer and Darling justify an hourly rate of $450 per hour.

    John Castellano, however, does not have the same degree of litigation experience which would justify an hourly rate at the very top of the range allowed in this District.   Although Attorney Castellano was admitted to practice law in New York State in February 1977, he has spent all 44 years of law practice devoted to providing free legal services to low-income individuals and families primarily concerning their entitlement to subsistence and disability

---

attorneys in this case are solo practitioners, rather than partners or associates at a law firm, the Second Circuit has cautioned district courts against 'treat[ing] an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate,' and has instead urged the courts to compare solo practitioners to attorneys of comparable skill, expertise, and reputation" (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,* 450 F.3d 91, 97 n.6 (2d Cir. 2006))).

income, access to health care, promotion of basic nutrition and preventing eviction and resulting homelessness.   Declaration in Support of Motion for Reasonable Attorney's Fees and Costs of John Castellano ("Castellano Dec."), ¶ 16.   Since October 1997, he has been employed by Mercy Haven, Inc., having founded and continued to serve as Attorney in Charge of the Mercy Advocacy Program.   *Id*. at ¶ 44.   This experience, while laudable, does not include any litigation experience and does not support a fee award at the very top of the range allowed in this District.

In *Brennan v. City of Middletown*, No. 18-CV-6148 (PED), 2020 U.S. Dist. LEXIS 120195, 2020 WL 3820195 (S.D.N.Y. July 8, 2020), the prevailing plaintiff in a civil rights suit moved for attorneys' fees. The plaintiff had two lawyers, Bergstein and Watkins. Watkins primarily litigated the case on his own, with Bergstein only participating in trial preparation and the trial itself.   *See* 2020 U.S. Dist. LEXIS 120195.   During the trial, "Bergstein did not examine witnesses, present arguments to the jury or participate in legal arguments to any significant extent." *Id*. (footnote omitted). The plaintiff sought $475 per hour for Watkins and $450 per hour for Bergstein. *Id*. The court found Watkins's rate to be reasonable. *See* 2020 U.S. Dist. LEXIS 120195.   However, it reduced Bergstein's rate to $250, which was "in line with the going rate for an experienced associate." 2020 U.S. Dist. LEXIS 120195. The court explained that it could not "award a second, similarly-experienced attorney partner-level compensation for second-chair trial support during this relatively simple trial." *Id.*   Similarly, here, Attorney Castellano describes his role in this matter as "researching and assisting" on various issues and at trial as well as acting as "second chair" at numerous depositions.   Castellano Dec. at ¶ 6. Accordingly, Attorney Castellano operated more as a senior associate than a partner in charge of

13

the case and accordingly, his hourly rate should be reduced to $325 per hour which is the higher end of the range for senior associates in light of his many years of experience.[4]

Additionally, Eugene Doyle, who seeks compensation as a paralegal, is a social worker, licensed to practice social work in New York State, with a Master of Social Work (M.S.W.) degree.   Declaration in Support of Motion for Reasonable Attorney's Fees and Costs of Eugene Doyle ("Doyle Dec."), ¶ 2.   Since March 1, 1983, he has been the Executive Director of People Organized for Our Rights, Inc. ("P.O.O.R."), a not-for-profit organization that assists low-income residents of Queens County in establishing and maintaining their eligibility for governmental benefits and services under programs administered by defendants.   *Id*. at ¶ 3.   In addition to his work with P.O.O.R., he has provided paralegal and social work services on a part-time, per diem and/or consultative basis for plaintiffs' counsel and several other attorneys over the past 31 years.   *Id*. at ¶18.   The Court finds that part-time work as a paralegal over the past 31 years does not go far enough to justify an hourly rate above the top of the range of rates allowed in this District, accordingly, the undersigned recommends that Eugene Doyle's hourly rate be reduced to the average in the District of $75.

Defendants argue that the hourly fees for each of the attorneys should be reduced "because the issues raised by Plaintiff were not unique, as strikingly similar questions of law have been addressed by the Court previously." Def. Mem. at 10.   In support of their position Defendants argue that the lack of complexity is evidenced by the modest document product (roughly 2000 pages) and small number of depositions (less than ten).   *Id*. at 11. Plaintiff argues

---

[4] As discussed above "in the context of attorney's fees awards, one's title is not the dispositive inquiry; rather, it is one's experience, i.e., skill and expertise, that weighs in favor of awarding a requested hourly rate." *Rudler,* 2020 U.S. Dist. LEXIS 15923.

that the complexity of the case is demonstrated by the Second Circuit's interest in obtaining

additional briefing from the United States Department of Health and Human Services ("HHS").

Pl. Reply at 6-7.   In its letter requesting that HHS weigh in on the issues in the case, the Second

Circuit stated that "[g]iven the importance of the issue" and "the policy implications for the

Medicaid program that would result from our resolution of the case," the Second Circuit

requested HHS's views on

> (1) whether the applicable statutes and regulations, including 42 U.S.C. § 1396, 42 C.F.R. § 431.244 and§ 431.246, require a state's fair hearing to decide the fate of the applicant's eligibility for Medicaid benefits conclusively and (2) the policy implications of resolving this case in favor of the plaintiff or defendants.

October 23, 2019 letter from the Second Circuit to HHS, marked as ECF No. 63 in the Second

Circuit's docket for Case 19-470.   Plaintiff also points out that this case has been actively

litigated over its 11-year history, other than a period of two-years of inactivity. Pl. Reply Mem.

at 7.   "Complex cases of long duration litigated by well-experienced counsel warrant a court to

consider a comparatively high hourly rate, while less complex matters, even if litigated by

experienced counsel, support a lower rate." *Centro de la Comunidad Hispana de Locust Valley v.*

*Town of Oyster Bay*, No. 10 Civ. 2262 (DRH) (AYS), 2019 U.S. Dist. LEXIS 102840, 2019 WL

2870721, at *6 (E.D.N.Y. June 18, 2019), report & recommendation adopted, 2019 U.S. Dist.

LEXIS 111538, 2019 WL 2869150 (E.D.N.Y. July 3, 2019).   The court concludes that based

upon the foregoing this case may be considered sufficiently lengthy and complex as to justify the

hourly rate requested, as modified above.

Accordingly, the undersigned respectfully recommends fees be calculated using an

hourly rate of $450 per hour for Attorneys Vollmer and Darling, $325 per hour for Attorney

Castellano and $75 per hour for Eugene Cook.

15

**C. Overbilling**

Finally, with respect to attorneys' fees, Defendants assert that due to an overlap in their work an across the board reduction should be applied to Plaintiff's attorney billing entries. Def. Mem. at 12.   No specific examples of overlap are provided and a review of the billing entries provided by Plaintiff supports Plaintiff's contention that "[w]hile Mr. Vollmer has had extensive class action experience, he is not a trial attorney and has enlisted the assistance of trial counsel in prior cases. In her capacity as trial counsel, Donnalynn Darling added an essential skill set, attended pre-trial depositions in preparation for trial and tried the case before Judge Wexler. John Castellano lent his 44 years of poverty law experience to assist in the review and improvement of all substantive motions, legal memoranda and briefs to this Court and the Second Circuit, and was an essential, substantive second chair at all court conferences, pre-trial depositions and at trial." Pl. Reply at 12.   Indeed, while the case was originally filed in 2011, Attorney Darling, trial attorney, did not join the team until October 2016.   Darling Dec. at ¶ 9. Hiring of more than one attorney does not, without more, indicate duplication or over billing. *See, e.g., Lewis v. Am. Sugar Ref., Inc.,* No. 14 Civ. 2302 (CRK), 2019 U.S. Dist. LEXIS 18058, 2019 WL 116420, at *4 (S.D.N.Y. Jan. 2, 2019)(rejecting contention that Defendant should only be responsible for the compensation of one attorneys, noting that it was not unreasonable for Plaintiff to hire more than one lawyer); *Lenihan v. New York*, 640 F. Supp. 822, 825 (S.D.N.Y. 1986) (holding that it was reasonable for the plaintiff to hire multiple attorneys in an employment discrimination case, and noting that the defendant enlisted the help of multiple attorneys at several stages of the litigation as well); *see also Johnson v. Univ. College of the Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983) (holding that it was reasonable to hire

16

multiple attorneys in a lengthy employment discrimination case, and that reduced compensation for fees is only warranted if the attorneys unreasonably conducted the same work).

Additionally, all three attorneys voluntarily agreed to a reduction in hours billed.  *See, e.g.,* Vollmer Dec. at ¶ 63 (deducting 252 hours and 5 minutes or 11.34 %); Castellano Dec. ¶ 11(deducting 69.5 hours or 10 %); Darling Dec. Exhibit 1 (reducing the number of hours billed by 10%) .  Additionally, Attorney Darling did not seek reimbursement for 5.55 hours billed by attorneys other than Attorney Darling at her firm.   Darling Dec. ¶ 10.   Attorney Vollmer reduced the number of hours billed for travel time and all three attorneys only sought compensation for travel time at ½ their hourly rate.  *See, e.g.,* Vollmer Dec. at ¶ 86 (deducting 67.4 hours and billing for travel at $225 per hour); Castellano Dec. ¶ 46 (billing for travel time at $225); Darling Dec. ¶ 25 (billing for travel time at $225).

Finally, Attorneys Vollmer and Castellano, both solo practitioners, billed separately for time spent on clerical tasks such as copying.  *See The Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) (finding that a solo practitioner may not charge his typical rate for clerical tasks "[I]t is highly unlikely that a paying client would agree to pay any person [a lawyer's full rate] for an hour of sending and receiving faxes, calling medical offices, and delivering papers.").  Accordingly, the undersigned respectfully recommends that the Court deny Defendants' request for a further reduction in the hours spent on the basis of overbilling.

In light of the recommendations above, attorneys' fees should be awarded as follows:

| Attorney | Hourly Rate Requested | Hourly Rate Awarded | Hours Billed | Total Awarded | Less 10% Reduction |
|---|---|---|---|---|---|
| Vollmer | $450 | $450 | 1,971.333[5] | $887,099.85 | $798,389.87 |
| Vollmer Clerical | $50 | $50 | 14.5 | $725.00 | $ 652.50 |
| Vollmer Travel | $225 | $225 | 67.667 | $15,225.075 | $13,702.57 |
| Castellano | $450 | $325 | 628.833[6] | $204,370.73 | $183,933.66 |
| Castellano Clerical | $50 | $50 | 24.75 | $1,237.50 | $1,113.75 |
| Castellano Travel | $225 | $187.50 | 28.0833 | $5,265.62 | $4,739.06 |
| Darling | $450 | $450 | 226[7] | $101,700.00 | $91,530.00 |
| Darling Travel | $225 | $225 | 15 | $3,375.00 | $3,037.50 |
| Doyle | $125 | $75 | 337.166[8] | $25,287.45 | $22,758.71 |
| Doyle Travel | $125 | $62.50 | 32.166 | $2,010.38 | $1,809.34 |

[5] This does not include amounts billed as clerical time or travel time which Attorney Vollmer billed separately.  *See* Vollmer Dec. ¶ 64.   Attorney Vollmer seeks reimbursement for clerical tasks performed in the amount of $725.00 at a rate of $50.00 per hour, and attorney travel time in the amount of $15,225.00 at ½ of his normal hourly rate. *Id*. According to the time records submitted, Attorney Vollmer spent 14.3 hours on clerical work and 67.4 hours on travel time.  *Id*. at ¶ 86.  .

[6] This does not include amounts billed as clerical time or travel time which Attorney Castellano billed separately. *See* Castellano Dec. ¶ 12.   Attorney Castellano seeks reimbursement for clerical tasks performed in the amount of $1,237.50.00 at a rate of $50.00 per hour, and attorney travel time in the amount of $6,318.75.00 at ½ of his normal hourly rate. *Id*. According to the time records submitted, Attorney Castellano spent 24.45 hours on clerical work and 28.05 hours on travel time.  *Id*. at ¶ 86.

[7] This does not include amounts billed as travel time which Attorney Darling billed separately.  *See* Darling Dec. ¶ 25.   Attorney Darling seeks reimbursement for 15 hours of attorney travel time in the amount of $3,375 at ½ of her normal hourly rate. *Id*. at Exhibit 1.

[8] Paralegal Doyle seeks reimbursement for $2,010.42 for 32 hours and 10 minutes of travel at ½ of his normal billing rate.  Doyle Dec. at ¶ 24.   Additionally, the Court notes that the Vollmer Dec. seeks compensation for 369:20 hours of paralegal time, while the Doyle Dec. with attached time sheets only seeks 337:10. The Court has used the hours set forth in the Doyle Dec. which attaches time sheets.

**D.  Costs**

Plaintiff seeks reimbursement of costs totaling $6,072.12.  Defendants have not objected to the costs sought by Plaintiff. "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *Field Day, LLC v. County of Suffolk,* No. CV 04-2203(DRH)(ETB), 2010 U.S. Dist. LEXIS 137430, 2010 WL 5491025, at *8 (E.D.N.Y. Sept. 9, 2010) (internal quotation marks and citations omitted), *report and recommendation adopted by*, 2010 WL 5490990 (E.D.N.Y. Dec. 30, 2010); *see also Larson v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 365 (E.D.N.Y. 2008) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients.") (internal quotation marks and citations omitted).  Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals and other "[o]ut of pocket litigation costs are generally recoverable if they are necessary for the representation of the client."  *AW Indus., Inc. v. Sleep Well Mattress, Inc.*, No. 07-CV-3969(SLT)(JMA), 2009 U.S. Dist. LEXIS 15567, 2009 WL 485186, at *6 (E.D.N.Y. Feb. 26, 2009) (internal quotation marks and citation omitted); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000) ("Courts have identified the following non-exhaustive list of expenses as those ordinarily charged to clients, and therefore, recoverable: photocopying, travel, telephone costs, and postage").

The breakdown of costs requested by firm is as follows:

**Attorney Vollmer seeks reimbursement of the following costs**:

Binding of briefs $45.36
deposition transcripts $1,103.00
lodging $324.20
meals $184.82
photocopying $2,280.90
postage $122.00
public transportation $13.00

**Attorney Castellano seeks reimbursement of the following costs**:

Deposition Costs $1,103.55
Photocopy Costs $73.80
Transcript Costs $259.74

**Attorney Darling seeks reimbursement of the following costs**:

Process serving fees $275
Trial Transcript $287.37

The costs sought by Plaintiff fall within the categories of those generally accepted by the Court

and have not been contested.   Accordingly, the undersigned respectfully recommends Plaintiff

be awarded the requested costs totaling $6,072.12.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court

on the parties.   Any objections to this Report and Recommendation must be filed with the Clerk

of the Court with a courtesy copy to the undersigned within 14 days.   Failure to file objections

within this period waives the right to appeal the District Court's Order.   See 28 U.S.C. §

636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS

28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to

the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v.*

20

*Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       July 6, 2022

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

21